# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-3095

PIKES PEAK JUSTICE & PEACE COMMISSION;
STAR BAR PLAYERS;
GREENPEACE, INC.;
THE DENVER VOICE;
JAMES BINDER;
RONALD MARSHALL;
LAUREL ELIZABETH CLEMENTS MOSLEY;
ROGER BUTTS;

Plaintiffs,

v.

CITY OF COLORADO SPRINGS, COLORADO,

Defendant.

---

## COMPLAINT

---

## INTRODUCTION

1.      In Colorado Springs, city officials report that some panhandlers have been intimidating and harassing pedestrians.    In an effort to purge these menacing panhandlers from downtown, the City has adopted an ill-advised ordinance that effects a breathtakingly broad suppression of First Amendment rights in a large twelve-city-block "Downtown No-Solicitation Zone."    Instead of focusing narrowly on threatening or coercive behaviors that invade the rights of others, Colorado Springs has banned any and all forms of "solicitation."

2.      The expansive definition of "solicitation" in the new ordinance has unjustifiably banished a substantial amount of peaceful, non-intrusive, and constitutionally protected

expression.   Nonprofit organizations, like Plaintiffs Greenpeace and Pikes Peak Justice and Peace Commission, are forbidden to ask passersby for donations.   Plaintiff James Binder, a street musician, violates the ordinance by playing his flute while his open hat silently solicits donations.   The ordinance forbids Plaintiff Star Bar Players, a theater group, from setting up a signboard on the sidewalk that solicits pedestrians to buy tickets.

3.   The ordinance forbids a person to sit quietly with a sign requesting donations.   It forbids the Salvation Army to deploy its familiar bell-ringers in Santa costumes.   Nonprofits cannot distribute literature that includes information on how to send a donation.   Organizers of demonstrations and rallies in Acacia Park cannot ask supporters for a donation.

4.   The new ordinance unjustifiably purports to transform each Plaintiff's peaceful, nonintrusive, nonthreatening and constitutionally-protected communications into crimes.

5.    Plaintiffs ask this Court for emergency injunctive relief to preserve their right, and the right of others, to peacefully and respectfully engage in expressive and communicative activity in the public areas of downtown Colorado Springs.

## JURISDICTION AND VENUE

6.   This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.   Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

7.   This action also includes claims for relief that are based on the Colorado Constitution.   These claims are based on the same nucleus of operative facts and are so related to the federal-law claims that they form part of the same case or controversy.   This Court has jurisdiction over the supplemental state-law claims pursuant to 28 U.S.C. § 1367.

8.      This Court has jurisdiction to issue the declaratory relief requested pursuant to the Declaratory Relief Act, 28 U.S.C. §§ 2201, 2202.

9.      Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). The Defendant resides within the District of Colorado, and all relevant events occurred and will occur in the District of Colorado.

**PARTIES**

**Plaintiffs**

10.     Plaintiff Pikes Peak Justice & Peace Commissions (PPJPC) is a non-profit corporation that carries out fundraising and outreach activities in downtown Colorado Springs.

11.     Plaintiff Star Bar Players is a non-profit corporation that puts on theater performances and solicits ticket sales and donations in downtown Colorado Springs.

12.     Plaintiff Greenpeace, Inc. ("Greenpeace") is a non-profit corporation that carries out fundraising and outreach activities in downtown Colorado Springs.

13.     Plaintiff the Denver Voice ("The Voice") is a non-profit corporation that wishes to preserve its right to dispatch newspaper hawkers to sell The Voice in downtown Colorado Springs.

14.     Plaintiff James Binder is a Colorado Springs street musician who wishes to play his music while soliciting tips in downtown Colorado Springs.

15.     Plaintiff Ronald Marshall is a disabled resident of Colorado Springs who is needy and wishes to ask for assistance in downtown Colorado Springs.

16.     Plaintiff Laurel Elizabeth Clements Mosley is a lifelong resident of Colorado Springs who wishes to receive requests for assistance from needy persons in downtown Colorado Springs.

17.     Plaintiff Roger Butts is an ordained minister in the Unitarian Universalist Church

and a resident of Colorado Springs who wishes to receive requests for assistance from needy persons in downtown Colorado Springs

**Defendant**

18.     Defendant City of Colorado Springs is a municipal corporation incorporated in the State of Colorado.    It has adopted, and plans to enforce, the downtown no-solicitation zone that is challenged in this case.

19.     All actions and inactions of the Defendant described herein are carried out under color of state law.

## THE CHALLENGED ORDINANCE

20.     On November 27, 2012, the Colorado Springs City Council passed an amendment to Section 9.2.111 of the Municipal Code.    The amendment sets out a broad definition of "solicitation" that now applies in a newly-established "Downtown No-Solicitation Zone" that includes the public streets, sidewalks, and parks in a twelve-block area of downtown Colorado Springs.

21.     The newly-adopted ordinance forbids constitutionally-protected activities that Plaintiffs carry out – and wish to continue carrying out – in the central downtown area.

22.     The challenged ordinance prohibits "soliciting" in the downtown area, which includes any one or more of the following activities:

1.   Seeking to obtain orders for the purchase of goods, merchandise, foodstuff services or another thing of any kind, character or description whatsoever for any kind of consideration.

2.   Selling goods, merchandise, foodstuff, services or another thing of any kind, character or description whatsoever, for any kind of consideration.

3.   Selling or seeking to obtain subscriptions to books, magazines, periodicals, newspapers and every other type or kind of publication for any kind of consideration.

4

4.  Seeking to obtain gifts, or contributions of money, clothing or any other thing for any reason.

5.  Placing or carrying, or causing to be placed or carried any showboard, placard or sign for the purpose of accomplishing any of the activities set forth in subsections 1 through 4 of this section.

Ordinance 12-100, Section 9.2.111(B) (adopted November 27, 2012, amending Colorado Springs Municipal Code Section 9.2.111).[1]

23.   The new ordinance prohibits any activities that fit the newly-broadened definition of "solicitation" anywhere in the Downtown No-Solicitation Zone, which is defined to encompass twelve city blocks that include the main business and shopping area of downtown Colorado Springs.

24.   The no-solicitation zone is bounded by Boulder on the north, Cucharas on the south, Cascade on the west and Nevada on the east.

25.   The zone includes Acacia Park – a large downtown park with an amphitheater that hosts numerous widely-attended events every year.

26.   The sidewalks of the no-solicitation zone boast the highest concentration of foot traffic on public property in Colorado Springs.

27.   Upon information and belief, Defendant plans to begin enforcing the ordinance on December 2, 2012.[2]

## FACTUAL ALLEGATIONS

28.   Plaintiff PPJPC is a non-profit corporation based in Colorado Springs that advocates for social justice and peace.   PPJPC seeks to be present peacefully on public streets and sidewalks in the no-solicitation zone in order to educate the public about PPJPC's work,

---

[1] The ordinance, which includes a map of the no-solicitation zone, is attached as Exhibit 1.
[2] Daniel Chacon, *Council Outlaws Panhandling, Solicitation Downtown*, THE GAZETTE, November 14, 2012, *available at* http://www.gazette.com/articles/zone-147292-downtown-council.html.

while soliciting donations to further PPJPC's mission.

29.     Prior to the passage of the solicitation ban, the PPJPC formulated a plan to perform outreach along with fundraising in the central downtown corridor of Colorado Springs over the upcoming holiday season and for the foreseeable future.   Because of the challenged ordinance, the PPJPC will have to choose to either violate the law or forego its constitutionally-protected right to solicit donations from the public.

30.     Plaintiff Star Bar Players is a non-profit theater company located in downtown Colorado Springs, within what is now the no-solicitation zone.   Star Bar Players seeks to be present peacefully on public streets and sidewalks in the no-solicitation zone in order to educate the public about its work while soliciting ticket sales and donations to further its mission.

31.     Star Bar Players has long solicited ticket sales and donations from passersby on the public sidewalks of downtown Colorado Springs (now the no-solicitation zone).   Star Bar Players places a signboard on the sidewalk in front of its property describing any ongoing show and encouraging passersby to purchase tickets.   Additionally, representatives of Star Bar Players have passed out flyers advertising for Sunday evening performances, in which admission is given in exchange for a donation in the amount of the giver's choice.   Star Bar Players planned to continue this type of solicitation for the foreseeable future.   Because of the challenged ordinance, Star Bar Players will have to choose to either violate the law or forego its constitutionally-protected right to solicit contributions from the public.

32.     Plaintiff Greenpeace is a non-profit corporation which advocates for protection of the environment.   Greenpeace seeks to be present peacefully on public sidewalks in the no-solicitation zone in order to educate the public about Greenpeace's work while seeking donations to further Greenpeace's mission.

33.     Greenpeace frequently sends representatives to what is now the "no solicitation

zone" to perform outreach along with fundraising and had plans to continue doing so for the foreseeable future.    Greenpeace's growth as an organization is predicated in significant part on its reliance on this method of fundraising and outreach.    Because of the challenged ordinance, Greenpeace will have to choose to either violate the law or forego its constitutionally-protected right to solicit donations from the public.

34.    Plaintiff The Denver Voice is a non-profit corporation which publishes a newspaper focused on issues related to homelessness and which provides poor people throughout the Front Range an opportunity to vend the paper as a pathway out of homelessness.    The Voice seeks to preserve its right to be present peacefully on public sidewalks in the no-solicitation zone in order to vend the newspaper while furthering the mission of the organization.

35.    Following is a photograph of a Voice vendor:



36.    The Voice's organizational goal is to allow homeless people from all over the Front Range to share in the opportunities that vending the Voice can create – to earn an income, invest in their future, and empower themselves to work their way off the streets.    This mission is impeded by Colorado Springs' solicitation ban.    The Voice is in a growth mode and it fully expects to have individuals who wish to vend the paper in Colorado Springs.    Because of the

challenged ordinance, The Voice will have to choose to either violate the law or forego its rights to distribute its news to the public, thereby fulfilling its institutional mission.

37.    Plaintiff Binder is a street musician who plays the flute six days a week in the no-solicitation zone.

38.    Following is a photograph of Mr. Binder:



39.    When Mr. Binder plays, he places his hat on the sidewalk in front of him as an indication to passersby that they may tip him for his musical contribution if they are so inclined. Some passersby do in fact place money in Mr. Binder's hat, while others do not.

40.    Mr. Binder seeks to be present peacefully on public sidewalks in the no-solicitation zone while playing the flute with his hat placed on the sidewalk in front him for tips.   Because of the challenged ordinance, Mr. Binder will have to choose to either violate the law or forego his work as a street musician in downtown Colorado Springs.

41.    Plaintiff Marshall is a disabled long-time resident of Colorado Springs.    Mr.

Marshall has been peacefully asking for assistance from others on the corner of Tejon and Pikes

Peak (now in the heart of the no-solicitation zone) for thirteen years.

42.     Following is a photograph of Mr. Marshall:



43.     Mr. Marshall seeks to be present peacefully on public sidewalks in the

no-solicitation zone while asking passersby for monetary assistance in meeting the basic needs of

his family.    Because of the challenged ordinance, Mr. Marshall will have to choose to either

violate the law or forego his constitutionally-protected practice of peacefully asking for

assistance from others in downtown Colorado Springs.

44.     Plaintiffs PPJPC, Star Bar Players, Greenpeace, The Voice, Binder, and Marshall

face a credible and realistic threat that the challenged ordinance will be enforced against them.

Such enforcement includes orders to move on, as well as citations or arrests.    This threat of

enforcement acts at a deterrent to Plaintiffs from exercising their right to engage in

constitutionally protected speech and conduct.    This threat of enforcement has a continuing

adverse effect on their ability to exercise freely their rights.

45.     Plaintiff Mosley is a life-long resident of Colorado Springs and the artistic director of Star Bar Players.   Ms. Mosley often walks in the no-solicitation zone and she wants to receive requests for assistance from the needy.   She cherishes the opportunity to interact with, and often give money to, the homeless and other poor people she sees there.   Ms. Mosley values the direct reminder of the presence of extreme poverty in our society when she walks in downtown Colorado Springs.   She believes the information communicated by pleas for assistance by the poor and by advocacy organizations is important to her as she considers the issues of poverty and social justice and as she determines her own response to these issues.   Ms. Mosley also values the presence of street musicians and the opportunity to give money to those musicians for their contribution to the culture of Colorado Springs.   Because of the no-solicitation ordinance, Ms. Mosley will no longer be permitted to hear requests for assistance or the music of street performers in the central corridor of downtown Colorado Springs.

46.     Plaintiff Reverend Butts is an ordained minister in the Unitarian Universalist Church and a resident of Colorado Springs.   His ministry has always focused on social justice and poverty.   Reverend Butts often walks in downtown Colorado Springs, in what is now the no-solicitation zone, and he wants to continue to receive pleas for assistance from the poor as he walks through this area.   Reverend Butts feels these pleas help him stay focused on the hard work of helping to bring economic and social equity to his community.   He also values the presence of street musicians and the opportunity to give money to those musicians for their contribution to the culture of Colorado Springs.   Because of the no-solicitation ordinance, Reverend Butts will no longer be permitted to hear these requests for assistance or the music of street performers in the central corridor of downtown Colorado Springs.

10

47.     Plaintiffs Mosley and Butts want to continue receiving the messages that poor people, street musicians, and advocacy organizations will be banned from communicating under the challenged ordinance.   The Defendant's passage and enforcement of the challenged ordinance poses an imminent threat of interfering with and infringing Plaintiffs Mosley and Butts's right to receive information and ideas.

## INJUNCTIVE RELIEF

48.     Plaintiffs are entitled to a temporary restraining order, as well as a preliminary and permanent injunction.   Defendant is acting and threatening to act under color of state law to deprive Plaintiffs of their constitutional rights.   Plaintiffs will suffer irreparable injury and will continue to suffer a real and immediate threat of irreparable injury as a result of the existence, operation, enforcement, and threat of enforcement of the challenged ordinance.   Plaintiffs have no plain, adequate or speedy remedy at law.

## DECLARATORY RELIEF

49.     An actual and immediate controversy exists between Plaintiffs and Defendant. Plaintiffs contend that the challenged ordinance is unlawful and unconstitutional.   Defendant believes the ordinance is lawful.

50.     Plaintiffs are therefore entitled to a declaration of rights with respect to this controversy.   Without such a declaration, Plaintiffs will be uncertain of their rights and responsibilities under the law.

## FIRST CLAIM FOR RELIEF
### (First Amendment)
### (Plaintiffs PPJPC, Star Bar Players, Greenpeace, The Voice, Binder, Marshall)

51.     The allegations of the preceding paragraphs are incorporated as though fully set

forth herein.

52.     The challenged ordinance unconstitutionally infringes or imminently threatens to infringe the freedom of Plaintiffs PPJPC, Star Bar Players, Greenpeace, The Voice, Binder, and Marshall to fully exercise their First Amendment rights, including their rights of freedom of speech and freedom of expression, in violation of the First Amendment.

53.     By acting and threatening to act under color of state law to deprive Plaintiffs of rights guaranteed by the Constitution and laws of the United States, Defendant has violated and threatened to continue violating 42 U.S.C. § 1983.

54.     Wherefore, Plaintiffs are entitled to a declaratory judgment, interim and permanent injunctive relief, and such other relief as the Court deems just.

### SECOND CLAIM FOR RELIEF
### (Equal Protection)
### (Plaintiffs PPJPC, SBP, Greenpeace, The Voice, Binder, Marshall)

55.     The allegations of the preceding paragraphs are incorporated as though fully set forth herein.

56.     The challenged ordinance forbids communications for the purpose of soliciting money but does not forbid soliciting for any other purpose.   For example, the challenged ordinance does not prohibit Greenpeace from passing out literature in the no-solicitation zone about the mission of Greenpeace, but it does prohibit Greenpeace from passing out literature that informs passersby how to make a donation to further the mission of Greenpeace.   The challenged ordinance establishes classifications that discriminate against Plaintiffs PPJPC, Star Bar Players, Greenpeace, The Voice, Binder, and Marshall solely on the basis of the content of the communications that they wish to direct to the public.

57.     The discrimination against Plaintiffs unconstitutionally burdens the exercise of fundamental rights.    These rights include the rights of freedom of speech and expression as well as the fundamental right to liberty.

58.     The classifications established by the challenged ordinance deny the equal protection of the laws, in violation of the Fourteenth Amendment to the United States Constitution.

59.     By acting and threatening to act under color of state law to deprive Plaintiffs of rights guaranteed by the Constitution and laws of the United States, Defendant has violated and threatens to continue violating 42 U.S.C. § 1983.

60.     Wherefore, Plaintiffs are entitled to a declaratory judgment, interim and permanent injunctive relief, and such other relief as the Court deems just.

### THIRD CLAIM FOR RELIEF
### (First Amendment Right to Receive Information)
### (Plaintiffs Butts, Mosley)

61.     The allegations of the preceding paragraphs are incorporated as though fully set forth herein.

62.     Plaintiffs Mosley and Butts have a right to receive information and ideas that are protected by the First Amendment to the United States Constitution.

63.     Plaintiffs Mosley and Butts have a cognizable legal interest in receiving the messages that needy people, street musicians, and non-profit organizations will be banned from communicating under the challenged ordinance.

64.     The existence, operation, and enforcement of the challenged ordinance interfere with the right of Plaintiffs Mosley and Butts to receive these messages and information.

13

65.     By enforcing and threatening to enforce the challenged ordinance, Defendant has infringed and threatened to infringe the right of Plaintiffs Mosley and Butts to receive information and ideas, in violation of the First Amendment.

66.     By acting and threatening to act under color of state law to deprive Plaintiffs Mosley and Butts of rights guaranteed by the Constitution and laws of the United States, Defendant has violated and threatens to continue violating 42 U.S.C. § 1983.

67.     Wherefore, Plaintiffs are entitled to a declaratory judgment, interim and permanent injunctive relief, and such other relief as the Court deems just.

**FOURTH CLAIM FOR RELIEF**
**(Colorado Const., Art. II, Sec. 10)**
**(Plaintiffs PPJPC, SBP, Greenpeace, The Voice, Binder, Marshall)**

68.     The allegations of the preceding paragraphs are incorporated as though fully set forth herein.

69.     The challenged ordinance unconstitutionally infringes or imminently threatens to infringe the freedom of Plaintiffs PPJPC, SBP, Greenpeace, The Voice, Binder, and Marshall to fully exercise their rights of freedom of speech and freedom of expression, in violation of Article II, Section 10 of the Colorado Constitution.

70.     Wherefore, Plaintiffs are entitled to a declaratory judgment, interim and permanent injunctive relief, and such other relief as the Court deems just.

**FIFTH CLAIM FOR RELIEF**
**(Colo. Const. Art. II, sec. 25 – Equal Protection)**
**(Plaintiffs PPJPC, SBP, Greenpeace, The Voice, Binder, Marshall)**

71.     The allegations of the preceding paragraphs are incorporated as though fully set forth herein.

14

72.     The challenged ordinance forbids communications for the purpose of soliciting money but does not forbid soliciting for any other purpose.   For example, the challenged ordinance does not prohibit Greenpeace from passing out literature in the no-solicitation zone about the mission of Greenpeace, but it does prohibit Greenpeace from passing out literature that informs passerby how to make a donation to further the mission of Greenpeace.

73.     The challenged ordinance establishes classifications that discriminate against Plaintiffs PPJPC, SBP, Greenpeace, The Voice, Binder, and Marshall solely on the basis of the content of the communications that they wish to direct to the public.

74.     The discrimination against Plaintiffs unconstitutionally burdens the exercise of fundamental rights.   These rights include the rights of freedom of speech and expression as well as the fundamental right to liberty.

75.     The classifications established by the challenged ordinance deny the equal protection of the laws, in violation of the equal protection component of Article II, section 25 of the Colorado Constitution.

76.     Wherefore, Plaintiffs are entitled to a declaratory judgment, interim and permanent injunctive relief, and such other relief as the Court deems just.

**SIXTH CLAIM FOR RELIEF**
**(Right to Receive Information, Colo. Const. Art. II, Sec. 10)**
**(Plaintiffs Mosley and Butts)**

77.     The allegations of the preceding paragraphs are incorporated as though fully set forth herein.

78.     Plaintiffs Mosley and Butts have a right to receive information and ideas that is protected by Article II, Section 10 of the Colorado Constitution.

15

79.     Plaintiffs Mosley and Butts have a cognizable legal interest in receiving the messages that needy people, street musicians, and advocacy organizations will be banned from communicating under the challenged ordinance.

80.     The existence, operation, and enforcement of the challenged ordinance interfere with the right of Plaintiffs Mosley and Butts to receive these messages and information.

81.     By enforcing and threatening to enforce the challenged ordinance, Defendant has infringed and threatened to infringe the right of Plaintiffs Mosley and Butts to receive information and ideas, in violation of the Colorado Constitution.

82.     Wherefore, Plaintiffs are entitled to a declaratory judgment, interim and permanent injunctive relief, and such other relief as the Court deems just.

## REQUEST FOR RELIEF

Plaintiffs respectfully request the following relief:

1.     A declaratory judgment holding that the challenged ordinance violates the United States Constitution and the Colorado Constitution.

2.     A temporary restraining order, preliminary injunction, and permanent injunction prohibiting Defendant from enforcing the challenged ordinance.

3.     Award Plaintiffs costs and reasonable attorneys' fees.

4.     Award other relief as this Court may deem just and proper.

DATED this 27th day of November, 2012.

*s/ Mark Silverstein*

_____
Mark Silverstein
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF
COLORADO
303 E. 17th Avenue, Suite 350
Denver, Colorado 80203

16

msilver2@att.net
(720) 402-3114

*s/Rebecca T. Wallace*

_____
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF
COLORADO
303 E. 17th Avenue, Suite 350
Denver, Colorado 80203
rtwallace@aclu-co.org
(720) 402-3104

*s/ Sara J. Rich*

_____
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF
COLORADO
303 E. 17th Avenue, Suite 350
Denver, Colorado 80203
srich@aclu-co.org
(720) 402-3107

ATTORNEYS FOR PLAINTIFFS

17